IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-655 -D

MOISES VELASQUEZ, on behalf of )
himself and all others similarly situated, )
)
Plaintiff, )
)
v. ) **ORDER**
)
SALSAS AND BEER RESTAURANT, INC., )
SALSA AND BEER, INC., NOE PATINO, )
PATRICIA PATINO, DIONISIO PATINO, )
and ISMAEL PATINO, )
)
Defendants. )

On July 31, 2017, Moises Velasquez ("Velasquez" or "plaintiff") moved to compel defendants Salsas and Beer Restaurant, Inc., Salsa and Beer, Inc., Noe Patino, Patricia Patino, Dionisio Patino, and Ismael Patino to: (1) produce Salsa and Beer, Inc.'s Rule 30(b)(6) designee for a deposition; (2) respond to plaintiff's interrogatory number 13 and request for production number 17, relating to the production of gross sales and annual dollar volumes; (3) produce defendant Noe Patino's discovery responses; and (4) produce defendant Patricia Patino's verification concerning her discovery responses. See [D.E. 59]. Velasquez also requested sanctions and filed a memorandum in support of his motion to compel. See [D.E. 60]. On August 16, 2017, defendants responded in opposition. See [D.E. 67]. As explained below, the court grants the motion to compel.

Unless otherwise limited by court order, the Federal Rules of Civil Procedure allow parties to:

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

> importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Moreover, each party has a duty to supplement its disclosures or responses. See Fed. R. Civ. P. 26(e). A party who has not received proper discovery responses may seek relief under Federal Rule of Civil Procedure 37.

The court has reviewed the record and grants the motion to compel. The requested information is central to Velasquez's claims. Not later than April 6, 2018, Salsa and Beer, Inc. shall produce a Rule 30(b)(6) designee and that person's deposition shall be completed by April 30, 2018. Not later than April 6, 2018, defendants shall respond in full to plaintiff's interrogatory number 13 and request for production number 17, relating to the production of gross sales and annual dollar volume. Not later than April 30, 2018, defendant Noe Patino shall respond in full to Velasquez's discovery requests. Not later than April 6, 2018, defendant Patricia Patino shall verify her discovery responses.

The court also grants Velasquez's motion for sanctions. See Fed. R. Civ. P. 37(a)(5). Defendants are liable to Velasquez for the reasonable expenses incurred in making the motion, including attorney's fees. Velasquez shall submit documentation supporting his expenses request no later than April 6, 2018.

Each defendant is warned that the failure to comply with this order may result in additional sanctions, up to and including striking the non-complying defendant's answer. See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92–94 (4th Cir. 1989).

Defendants' failure to provide the requested discovery affects several other pending motions. Thus, the court denies without prejudice Velasquez's motion to determine that Salsas and Beer Restaurant, Inc. and Salsa and Beer, Inc. are a single enterprise under 29 U.S.C. § 203(r)(1), grants Velasquez's motion to extend the deadline to file a motion for class certification until June 4, 2018, and denies without prejudice Velasquez's motion to certify the class. The court also grants Velasquez's motion for equitable tolling. Velasquez actively pursued his judicial remedies by filing a defective pleading during the statutory period; therefore, equitable tolling is appropriate. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002).

In sum, the court GRANTS plaintiff's motion to compel [D.E. 59], DENIES without prejudice plaintiff's motion to determine that defendant Salsas and Beer Restaurant, Inc. and Salsa and Beer, Inc. constitute a single enterprise under 29 U.S.C. § 203(r)(1) [D.E. 61], GRANTS plaintiff's motion for an extension of time to file a motion for class certification [D.E. 63], DENIES without prejudice plaintiff's motion to certify the class [D.E. 65], and GRANTS plaintiff's motion for equitable tolling [D.E. 69].

SO ORDERED. This _5_ day of March 2018.

                                                                                         Dever
                                                                                   JAMES C. DEVER III
                                                                       Chief United States District Judge