IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-655-D

| | |
|---|---|
| MOISES VELASQUEZ, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SALSA AND BEER RESTAURANT, INC., ) SALSA AND BEER, INC., NOE PATINO, ) PATRICIA PATINO, DIONISIO PATINO, ) and ISMAEL PATINO, ) ) Defendants. ) | **ORDER** |

On June 4, 2018, Moises Velasquez ("Velasquez" or "plaintiff") moved to strike Salsa and Beer Restaurant, Inc.'s, Salsa and Beer, Inc.'s, Noe Patino's, Patricia Patino's, Dionisio Patino's, and Ismael Patino's (collectively, "defendants'") answer and for entry of default judgment [D.E. 85] and filed a memorandum in support [D.E. 86]. Defendants did not respond. As explained below, the court grants plaintiff's motion and enters judgment against defendants.

I.

On March 23, 2017, plaintiff filed an amended class action complaint against defendants claiming violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. [D.E. 38]. On March 29, 2017, defendants moved to stay discovery and for entry of a new scheduling order. See [D.E. 39]. On April 6, 2017, defendants answered the amended complaint [D.E. 40]. On April 26, 2017, the court granted defendants' motion to stay discovery and directed the parties to submit a proposed revised scheduling order not later than June 16, 2017. See [D.E. 50]. On June 16, 2017, the parties

submitted a proposed revised scheduling order. See [D.E. 55]. On July 12, 2017, the parties jointly moved to amend the scheduling order. See [D.E. 56, 57]. On July 17, 2017, the court granted the joint motion and extended the pre-certification discovery phase until July 31, 2017. See [D.E. 58].

On July 31, 2017, plaintiff moved to compel defendants to (1) produce Salsa and Beer, Inc.'s Rule 30(b)(6) designee for a deposition; (2) respond to plaintiff's interrogatory number 13 and request for production number 17, relating to the production of gross sales and annual dollar volumes; (3) produce defendant Noe Patino's discovery responses; and (4) produce defendant Patricia Patino's verification concerning her discovery responses. See [D.E. 59]. Plaintiff also moved for sanctions under Federal Rule of Civil Procedure 37. See [D.E. 60]. On March 5, 2018, the court granted plaintiff's motion to compel and request for sanctions. See [D.E. 76]. The court ordered that defendants respond to plaintiff's interrogatory number 13 and request for production number 17 not later than April 6, 2018, defendant Noe Patino respond in full to plaintiff's discovery requests not later than April 30, 2018, and defendant Patricia Patino verify her discovery responses not later than April 6, 2018. Id. at 2. The court also warned each defendant that failure to comply with the court's order may result in additional sanctions, up to and including striking the non-complying defendant's answer. Id.

On March 29, 2018, plaintiff requested attorney's fees incurred in drafting plaintiff's motion to compel [D.E. 77] and filed a memorandum in support [D.E. 78]. Defendants did not respond. On April 6, 2018, defendants' counsel moved to withdraw from the case. [D.E. 79]. On April 11, 2018, the court granted counsel's motion to withdraw and directed that individual defendants file a notice of self-representation or cause new counsel to file a notice of appearance within 21 days and that entity parties cause new counsel to file a notice of appearance within 21 days. See [D.E. 80]. The court warned each defendant that failure to comply with the court's order may result in sanctions

2

up to and including a default judgment. See id. On May 29, 2018, the court granted plaintiff's motion for attorney's fees. [D.E. 84].

Defendants have blatantly disregarded the court's orders and warnings. Defendants have not produced the required discovery, caused new counsel to file a notice of appearance or filed a notice of self-representation, or paid plaintiff's attorney's fees. Plaintiff asks the court to strike defendants' answer, to enter default judgement against defendants, and award damages in the amount of $259,067.03 and attorney's fees and costs in the amount of $107,280.98 and $2,635.12, for a total amount of $368,983.13. See [D.E. 85, 86].

A court has the discretion to award various sanctions, including striking pleadings in whole or in part, dismissing the action or proceeding in whole or in part, or issuing a default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995). In evaluating the imposition of sanctions, the court must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989); Hathcock, 53 F.3d at 40–41.

As for the first factor, defendants acted in bad faith by refusing to participate in this case. See, e.g., Steigerwald v. Bradley, 229 F. Supp. 2d 445, 449 (D. Md. 2002); Green v. John Chatillon & Sons, 188 F.R.D. 422, 424 (M.D.N.C. 1998). Defendants have not contacted the court since defendants' counsel moved to withdraw from the case on April 6, 2018, and defendants are in continuing violation of two orders from the court. As for the second factor, plaintiff has been prejudiced because defendants have blatantly disregarded and ignored the court's orders and refused

to participate in this case. Without defendants' participation, particularly in matters concerning discovery, plaintiff cannot proceed with his claims. See, e.g., Green, 188 F.R.D. at 424. As for the third factor, defendants' "noncompliance, especially in ignoring the direct orders of the court with impunity is misconduct which must obviously be deterred." King v. Rollo, No. 1:09cv15, 2011 WL 901831, at *16 (N.D. W. Va. Jan. 28, 2011) (unpublished) (quotation omitted), report and recommendation adopted by 2011 WL 888383 (N.D. W. Va. Mar. 15, 2011) (unpublished); see Richards, 872 F.2d at 93. As for the fourth factor, less drastic sanctions would not be effective. The court warned defendants numerous times that noncompliance could result in sanctions, including striking defendants' answer and default judgment. Yet, defendants chose to ignore the court's orders by refusing to participate in this case. See, e.g., Richards, 872 F.3d at 93; Rollo, 2011 WL 901831, at *16; Steigerwald, 229 F. Supp. 2d at 449–50. Accordingly, the court grants plaintiff's motion for sanctions, strikes defendants' answer, and enters default judgment against defendants. Defendants' conduct in this case warrants this severe sanction. See, e.g., Green, 188 F.R.D. at 425.

II.

In sum, the court GRANTS plaintiff's motion for sanctions [D.E. 85] and STRIKES defendants' answer [D.E. 40]. The court awards a judgment against Salsa and Beer Restaurant, Inc., Salsa and Beer, Inc., Noe Patino, Patricia Patino, Dionisio Patino, and Ismael Patino jointly and severally in the amount of $368,983.13.

SO ORDERED. This 5 day of October 2018.

JAMES C. DEVER III
Chief United States District Judge

4